# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **HAROLD MILLICAN,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **1:18-cv-00616** |
| | § | |
| **TEXAS DEPRTMENT OF CRIMINAL** | § | |
| **JUSTICE, et al.** | § | **Jury Trial Demanded** |
| **Defendants.** | § | |

---

## PLAINTIFF'S AMENDED COMPLAINT

Now comes Plaintiff, Harold Millican ("Millican")  by his attorney Allie R. Booker and complaining of Defendants Texas Department of Criminal Justice, a/k/a TDCJ and Charles  Siringi (collectively "Defendants"), and unknown Defendants for violations of 42 U.S.C. § 1983 including but not limited to due process, malicious prosecution, fraud, false arrest, and false imprisonment.

## Introduction

Millican files this action seeking redress for wrongful conduct of the Defendants.  Plaintiff bring this action pursuant to, among other legal base, 42 U.S.C. § 1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any right, privileges, or immunities secured by the Constitution and law of the United States, under color of state law.

## Preliminary Statement

42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution, and any other applicable law with respect to a 42 U.S.C. § 1983 and pendant state law claims filed by an individual who suffered Constitutional deprivations such as this. The

Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

This action is for damages arising out of violations of federal law and state torts detailed below in an amount greater than $200,000.00.  The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States Court, in and for the Eastern District of Texas.  In connection with the acts, practice, and violations alleged below, all Defendants have either directly or indirectly violated Plaintiff, Harold Millican's constitutional rights, by creating and engaging in a practice of the use of a denial of necessary medical treatment, and intentional infliction of emotional distress.  As a result of the wrongful conduct of the Defendants, which was effected with full knowledge of and callous indifference to the constitutional rights of the Plaintiff, said Plaintiff has suffered irreparable harm of the loss of his constitutional rights to be free from pain and suffering, and all other damages effectuated through the acts of Defendants under the color of law.

**Jurisdiction**

Federal question jurisdiction is proper pursuant to 28 U.S.C. 1331, 1343 (3), and 1983 as Plaintiffs claims arise of the deprivation of Plaintiffs' rights, privilege and immunities under the Constitution and laws of the United States.  Plaintiffs seek attorneys' fees and costs as prevailing party for these claims pursuant to 28 U.S.C. § 1988.

The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367, because each claim arises from the same controversy and from a common nucleus of operative fact.

Venue in the United States Eastern District Court for the Eastern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to Plaintiffs claims occurred.

## **Parties**

1. Harold Millican is a resident of the County of Montgomery, State of Texas and the United States of America, but is currently incarcerated with the TDCJ, 3295 FM 3514,  Beaumont, TX 77705.

2. At all times referred herein, Defendant, Texas Department of Criminal Justice ("TDCJ"), is a governmental unit of the State of Texas. Pursuant to Tex. Civ. Pract. & Remedies Code § 101.102 (c), this Defendant may be served with process by serving the Secretary of State, Rolando Pablos, at James E. Rudder Building 1019 Brazos, Room 105, Austin, Texas 78701, or wherever he may be found. The issuance citation and service of process on this Defendant is requested at this time.

3. Charles Siringi is the Gist  facility's Chief Executive Officer and/or head warden. He is being sued in his individual capacity and is located at 3295 FM 3514 Beaumont, TX 77705, or wherever he may be found.

4. In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer", and/or such parties are/were "alter egos" of the parties named in this pleading.

### **Facts**

5. Plaintiff hereby incorporates all previous paragraphs as set forth above, and are herein incorporated by reference.

6.   On or about December 15, 2018 Defendant was rushed to the hospital because he lost consciousness due to an abscess that he had on his person that had become infected to the point that it was poisoning his system and causing him to go into shock. It was determined to be a flesh-eating bacteria abscess that he contracted at the Gist facility.

7.   On or about December 16, 2018, Plaintiff learned that the cause of his injuries was that he had an abscess that had on his person that had become infected to the point that it was poisoning his system and causing him to go into shock.

8.   Plaintiff and his mother, Betty Millican, constantly contacted the prison well before December 16, 2018 stating that the abscess brought Harold Millican great pain and that he believed it to be infected. They stated that the injury smelled extremely foul, was extremely painful and was quickly destroying Plaintiff's flesh and muscle.

9.   Harold Millican was admitted into the prison hospital several times, but was told that there was no one available to take him to the hospital, so he must remain in the infirmary until they could get him treatment.

10. Harold Millican remained in the infirmary for about a week, and an unreasonable amount of time before the proper care was rendered to him.

11. Harold Millican was only rushed to the hospital because he went into shock, and was unresponsive. Ince this occurred, Defendant had to have him transported to the hospital.

12. It was a few days later that Harold Millican learned that it was the abscess on his chest that he had complained about, that caused him to black out and lose consciousness.

13. Because TDCJ initially, and repeatedly denied Harold Millican the proper treatment, the flesh-eating bacteria infection that he had, became so strong, that it ate through vital muscle tissue and other body parts on his arm and chest causing him to be permanently

handicapped. Harold Milican and his mother personally complained to Warden Charles Siringi to no avail. Siringi refused to set-up transport of Harold Millican to a hospital due to lack of resources to do so.

14. When Harold Millican was finally transported after becoming unresponsive, Harold Millican had to undergo multiple surgeries and undergo additional treatment and rehabilitation for the injuries that were caused to his person due to the development of the flesh-eating bacteria that was able to develop because TDCJ refused necessary treatment to Harold Millican.

15. Because if TDCJ's and Charles Siringi's  refusal to retain adequate treatment for Harold Millican, he is permanently disfigured, has lost use to his body parts resulting in him being permanently handicapped and being restricted in his movement. Although Harold Millican gained no income from his appearance, his robust physical appearance has been altered due to the injuries complained of in this petition- for such, he seeks redress.

16. The procedure used by the Texas Department of Criminal Justice, a/k/a TDCJ, herein referred to as "TDCJ" in refusing to treat Plaintiff, Harold Millican was grossly unfair, and not done according to the law, which caused an extremely prejudicial effect in and through the extensive injuries caused to his person.

17. As a result of the refusal to adequately treat or seek adequate treatment of Plaintiff in a timely manner, Plaintiff lost loss of enjoyment of life, suffered personal injuries to his person, disfigurement, and infliction of emotional distress.

## Count 1-Cruel and Unusual Punishment- 8th
## Amendments to the Constitution

18. Plaintiff hereby incorporates all previous paragraphs as set forth above, and are herein incorporated by reference as it relates to both Defendants.

19. Under the Eighth Amendment, conditions of confinement in state prisons must be "humane" and "must not involve the wanton and unnecessary infliction of pain." Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981), and Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

20. The deprivation caused by TDCJ and Charles Siringi was   "objectively, sufficiently serious," and the TDCJ knew that allowing an abscess that was yellow and green in color, growing, painful, damaging the skin, eating away at the skin and muscle of Plaintiff, and that had a foul odor was  dangerous and or harmful to his health. TDCJ knew or should have known that the denial of treatment for a wound such as this was an act that was deliberately indifferent to Plaintiff's  health and safety. Id. (quoting Farmer, 511 U.S. at 834). "

21. TDCJ and  Charles Siringi were aware of the pain, the color and the odor as Plaintiff was sent to the infirmary, TDCJ just said that they could not transport him at the time, due to low staff availability to do so.

22. TDCJ and Charles Siringi knew or should have known that refusing to transport Plaintiff created an excessive risk to the prisoner's health or safety as Plaintiff begged and pleaded, informed them of the pain, requested to be taken to a hospital, and his mother, Kathy Millican did the same. In addition, he was taken to an infirmary where medical personnel

knew or should have known the severity of the circumstances, and should have sought out additional medical assistance for treatment.

23. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

21.    Plaintiff in this action is a citizen of the United State and all of the individual government Defendants and government employee Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

22. All Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity TDCJ and or TDCJ Employees and their acts or omissions were conducted within the scope of their official duties or employment.

**Count 2- Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the 1st, 4th , 14th Amendments (Against Both Defendants)**

23. Plaintiff hereby incorporates all previous paragraphs as set forth above, and are herein incorporated by reference.

24.  42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

25. Plaintiff in this action is a citizen of the United State and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

26. The Defendants to this claim at all times relevant were acting under the color of state law.

27. Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be free from cruel and unusual punishment and the injuries which flowed from it under the Fourth and Fourteenth Amendments.

28. Defendant TDCJ and Defendant Charles Siringi knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the that time.

29. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

30. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

31. Defendants are not entitled to qualified immunity for the complained of conduct.

32. Defendant, at all times relevant, policymakers, and head authority figures for  the Gist Unit and in that capacity established policies, procedures, customs, and/or practices for the same.

33. These Defendants, TDCJ and Charles Siringi developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens,

which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from conscious or deliberate choice to follow a course of action from among various available alternatives.

34. Both Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its assistant district attorneys in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and other prisoners.

35. In light of the duties and responsibilities of the prison personnel  that participate in the supervision of the inmates/prisoner, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

40. The deliberately indifferent training and supervision provided by Defendant TDCJ and Charles Siringi resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants.   All Defendants were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

41. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

42. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his  pain, handicap and disfigurement, in

amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and cost as allowable by federal law. There may also be special damages for lien interests.

43. Finally, Plaintiff seeks appropriate ***declaratory and injunctive relief*** pursuant to 42U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the TDCJ and Gist Unit of failing to provide adequate medical treatment, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## <u>Count 3 – Federal Law Claim: Intentional Infliction of Emotional Distress</u>

44. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

45. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including but not limited to:

   a. Refusing Plaintiff adequate medical treatment without any reasonable justification;

   b. Maliciously refusing to provide the proper medical care for a wound that was abnormal in color, carried a foul odor, and was painful;

46. The Defendants knew their conduct would cause severe emotional distress to the Plaintiff and knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

48. As a proximate result of this misconduct, Plaintiffs suffered injuries, including but not limited to severe emotional distress.

49. Plaintiffs Intentional Infliction of Emotional Distress claims involve a use of excessive force and unconstitutional acts guaranteed to them under the United States Constitution and 42 U.S.C. § 1983 and is therefore preempted by the Constitution and 42 U.S.C. § 1983.

**Jury Demand**

50. Plaintiff hereby respectfully requests trial by jury.

**Prayer**

51. Wherefore, plaintiff respectfully prays judgment as follows:

 c. For compensatory damages against all defendants in the amount approved at trial;

 d. For exemplary and punitive damages against all Defendants.

 e. For costs of suits herein, including plaintiffs' reasonable attorney fees;

 f. For such other and further relief as the Court deems proper.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile